### AARON PEERY'S LESSEE v. JOSEPH BURTON.

Supreme Court.　October 15, 1795.

*Wilson's Red Book, 80.*

READ, C. J. (In his charge to the jury.) This is ejectment for Blacksmith's Hall. The questions of law arise merely incidentally, and first it has been agitated whether a judgment should be produced with sheriff's deed. 1 Body Laws 115 supplies a direct answer to the question; and all sales are confirmed before 1720 and this was 1696. But as to the general question whether a sheriff's deed can operate without the judgment; unless there is some destruction of the papers of the public, as in Newcastle County, it is necessary to produce it; such was the reason of the making of the Act last mentioned. These defects are not to be too exactly attended to. These Acts of Assembly go upon the principle by which the Court will be guided, and it is in your power in this respect to do more than we can do. The case in [1] Dall. 94, only shows an *obiter* recollection of the practice formerly, which was lax and not legal as appears by this Act of Assembly. A judgment is necessary to authorize a sheriff's sale. It has been the opinion of a great many that a sheriff's sale cured all defects; but this is going a great length, and it is a most unwarranted opinion. May not a sheriff be a bad man and make an improper sale? Then a judgment is a necessary piece of evidence to give a sheriff's deed validity, unless there is a good reason why it could not be produced. (He went through both titles.)

A conveyance bond was produced and petitions by obligor's administratrix to sell and an indenture bearing date the same day with the petition. With respect to the authority of the administratrix, that is, that there were letters, it was admitted. There is a rule that a new power must be strictly pursued and the Court had a power in a summary way to make such an order etc. by a plain Act of Assembly which has not been pursued, for the Court have not ordered by such manner as they ought to have done. This indorsement, without even the clerk's name upon the petition, is no evidence as an order; and independent of this Act of Assembly, the grantor has no more right to sell than I or my colleagues. There is not evidence that the order existed.

*N. B.* JUDGE ROBINSON was examined as a witness and returned to the bench, and it so was that CLAYTON did not sit the rest of the trial, but only ROBINSON and the CHIEF JUSTICE.

Verdict for plaintiff.